***********
Upon review of the competent evidence of record and the briefs and oral arguments of the parties, with reference to the errors assigned, the Full Commission, upon reconsideration of the evidence, enters the following Order.
 ***********
On October 21, 2008, Plaintiff suffered a compensable work injury when she was inside the Morton Salt Company plant in Silver Springs, New York waiting for her truck to be loaded with industrial salt. Approximately 30 minutes after Plaintiff left the facility, she broke out in hives and had difficulty breathing. Plaintiff drove to Unity Hospital in Rochester, New York, *Page 2 
where she received a diagnosis of mild allergic reaction, and instructions to follow up with her primary care physician upon her return to North Carolina.
On November 5, 2008, Plaintiff presented to Dr. Fidelis U. Edosomwan, her primary care physician, with complaints of itching and sinus problems. Plaintiff underwent a pulmonary function test, which revealed normal spirometry. Dr. Edosomwan diagnosed Plaintiff with iodine poisoning and took her out of work.
On November 12, 2008, Plaintiff presented to Dr. John Douglas Doty, II, a pulmonologist. Plaintiff reported to Dr. Doty that shortly after being in the Morton Salt Plant, she developed wheezing and difficulty breathing. Dr. Doty administered pulmonary function tests, which revealed mild abnormalities, noted that Plaintiff had a 20-year history of mild asthma, and instructed Plaintiff to refrain from driving her truck.
Plaintiff did not return to work after November 12, 2008. Defendants accepted the compensability of Plaintiff's workers' compensation claim via a Form 60. Defendants have been paying temporary total disability compensation to Plaintiff from November 12, 2008 through February 5, 2010.
On December 15, 2008, Plaintiff returned to Dr. Doty and reported that she felt fatigued during the daytime. Dr. Doty ordered repeat pulmonary function tests, which revealed normal results. Dr. Doty noted that Plaintiff might be suffering from sleep apnea, and recommended that she undergo a sleep study.
On January 19, 2009, Plaintiff returned to Dr. Doty and complained of generalized malaise and fatigue, but denied any coughing or wheezing. Dr. Doty diagnosed Plaintiff with mild obstructive sleep apnea based upon the results of the recently performed sleep study. Dr. Doty ordered additional testing to further assess Plaintiff's sleep apnea condition. Dr. Doty *Page 3 
noted that from the standpoint of the effects of Plaintiff's occupational exposure, she could return to work without restrictions, but instructed her that she should refrain from driving her truck until she underwent the additional testing he ordered regarding her sleep apnea condition. On January 21, 2009, Plaintiff underwent the additional testing ordered by Dr. Doty, which revealed mild obstructive sleep apnea.
On January 27, 2009, Plaintiff presented to Dr. David Lefkowitz, III, an allergist. Dr. Lefkowitz concluded that Plaintiff's physical examination was normal except for slightly pale and boggy nasal mucosa with slight swelling of her inferior turbinates bilaterally, and that she did not demonstrate any chronic or permanent problems related to a salt exposure. Dr. Lefkowitz ordered allergy testing to determine if Plaintiff had any underlying allergies, the results of which were negative.
On February 20, 2009, Plaintiff returned to Dr. Doty, who noted that she underwent several pulmonary function tests, none of which demonstrated an airflow obstruction. At Dr. Doty's deposition, he testified that while Plaintiff may have had an initial reaction as a result of a salt exposure, this initial reaction was temporary and did not produce any permanent worsening of her asthma. Dr. Doty was also of the opinion that because Plaintiff suffers from mild sleep apnea, she should be cleared by a physician specializing in sleep disorders prior to driving a truck. Finally, Dr. Doty opined that Plaintiff's October 21, 2008 work injury did not cause, contribute to, or aggravate her mild sleep apnea. Dr. Robert Marion Lombard, Jr., the sleep specialist to whom Dr. Doty referred Plaintiff, concurred with Dr. Doty's opinion that Plaintiff's mild sleep apnea condition has no causal relationship to her October 21, 2008 work injury.
On May 20, 2009, Plaintiff presented to Dr. Robert Patel Quinn, an otolaryngologist. After examining Plaintiff, Dr. Quinn noted swelling of the salivary glands and diagnosed *Page 4 
Plaintiff with edema of the pharynx, chronic sinusitis, and angioedema. On June 22, 2009, Plaintiff returned to Dr. Quinn. Dr. Quinn reviewed the results of additional allergy testing performed on Plaintiff, which did not identify any allergies. Dr. Quinn also advised Plaintiff to continue treatment with Dr. Doty for ongoing management of her asthmatic condition, and that she could return to work without any restrictions. At Dr. Quinn's deposition, he opined that any exposure to salt that Plaintiff may have had on October 21, 2008 did not cause or aggravate her current medical conditions.
The Deputy Commissioner concluded that as of January 19, 2009, Plaintiff was no longer disabled as a result of her October 21, 2008 work injury, thereby entitling Defendants to terminate her temporary total disability compensation as of that date. The Deputy Commissioner further concluded that Defendants rebutted any presumption that Plaintiff is entitled to future medical treatment related to her October 21, 2008 work injury through the deposition testimony of her treating physicians.
Following Plaintiff's appeal to the Full Commission, she submitted additional medical records from Dr. Steven Joseph McEldowney, an allergist from whom she sought treatment on October 15, 2009 and April 21, 2010. According to these medical records, Dr. McEldowney was of the opinion that Plaintiff should undergo oral challenge allergy testing at Duke University Medical Center to assist in determining the cause of her recurrent anaphylaxis and shortness of breath. Dr. McEldowney, as well as the physician(s) at Duke that Plaintiff recently saw, felt she would need to undergo this oral challenge allergy testing in a hospital setting "due to her history of severe reactions and complex history." *Page 5 
The Full Commission is of the opinion that the record in this matter should be reopened to receive additional evidence, and to authorize the oral challenge allergy testing at Duke University Medical Center recommended by Dr. McEldowney.
In the discretion of the Full Commission and for good cause shown, it is hereby ORDERED that:
1. The record in this matter is reopened for receipt of additional evidence.
2. The medical records from Dr. Steven Joseph McEldowney attached to Plaintiff's brief to the Full Commission shall be admitted into evidence, and appended to the record as page numbers 422 through 425.
3. Defendants shall authorize and participate in scheduling the oral challenge allergy testing at Duke University Medical Center recommended by Dr. McEldowney.
4. The parties are authorized to depose, on an expedited schedule, any additional health care providers they choose as a result of the reopening of the record.
5. Upon receipt of the additional medical records generated as a result of the reopening of the record and the transcript of the deposition testimony of the doctors deposed, if any, the Full Commission shall enter an Order setting forth a schedule for briefing and for further oral arguments, if necessary. All correspondence from the parties to the Full Commission concerning this matter shall be directed to Bernadine S. Ballance, Commissioner.
6. The Full Commission shall retain jurisdiction over this matter.
7. No costs are assessed at this time.
This the 27th day of August 2010.
 S/___________________ *Page 6 
 BERNADINE S. BALLANCE
 COMMISSIONER
CONCURRING:
S/___________________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING WITHOUT A WRITTEN OPINION:
S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 1